## Burks *v.* Yazoo & M. V. R. R. Co.[*]

(Division B. March 18, 1929.)

[121 So. 120. No. 27721.]

*Corpus Juris-Cyc References: Railroads, 33Cyc, p. 818, n. 17; p. 819, n. 24. As to duty of railroad company to keep trespassing children from getting on cars, see annotation in 32 L. R. A. (N. S.) 572, et seq.; L. R. A. 1915A, 143; 43 A. L. R. 34; 22 R. C. L. 926; 7 R. C. L. Supp. 758.

*Vollor & Kelly,* and *Chaney & Culkin,* for appellant.

430.

*Hirsch, Dent & Landau* and *Chas. N. Burch* and *H. D. Minor,* both of Memphis, Tenn., for appellee.

GRIFFITH, J. When, about forty-five minutes past midnight on the morning of October 4, 1926, the fast southbound passenger train of appellee was leaving the South yards in the city of Vicksburg, appellant's son, Robert Burks, a lad of seventeen years, caught the "second blind" between the mail and baggage cars, intending in that way to ride to the town of Port Gibson, where he had been in attendance at a male academy. Twenty-five minutes later the train passed a small depot, called Allen Station, at which this train was not scheduled to stop. When the locomotive had reached a point about six hundred feet south of the station house, three animals, two horses and a mule, dashed suddenly out of the dark upon the railroad track, and one of them was hurled forward by the locomotive with such force that the carcass struck and broke the switch stand on the right in such manner that the switch points were turned and the train was derailed and wrecked. The engineer and fireman were killed, and the dead body of young Burks was found hanging by a leather belt to the end of one of the cars which formed the said "second blind."

Suit was filed in the circuit court of Warren county by the appellant father against appellee to recover damages for the death of his said son, the complaint being, upon the trial, that the cross-ties, and particularly the

long ties upon which the said switch stand was placed, were rotten and unfit for use; that the boy was riding in the place where he was killed on the suggestion or invitation of the engineer; that it was known to the appellee company and to the said engineer that stock was liable to be on the tracks at Allen Station, by reason of past experience in that regard at that particular place; and that in spite of all this the engineer drove the locomotive by and beyond said station in a grossly negligent manner at the rate of approximately fifty miles an hour. Each of these issues was met by appellee by testimony in contravention thereof, and the verdict of the jury was for the appellee railroad.

Although there was ample testimony to disprove the claim that the boy was on the blind at the invitation or suggestion of the engineer, it seems to us that this makes but little difference—the boy was a trespasser nevertheless. And the rule as to trespassers on trains is as stated in *Railroad Co.* v. *Burnsed,* 70 Miss. 442, 12 So. 958, that the railroad company owes them no duty except not to injure them willfully or wantonly, to which it is to be added that the railroad company shall not be guilty of such gross negligence as would evince a reckless disregard of the safety of any person or persons who might as a proximate result thereof be injured, and this of course would include trespassers. The instructions by the court fairly apprised the jury of these rules, and taking all the instructions together and reading them as a whole, there is nothing in them, that we can see, of which appellant may justly complain. On the contrary, there were, of the many instructions granted, at least three which when read separately were liberal to the appellant to the extent that by them the jury was informed in effect that negligence, simple negligence, was sufficient to uphold a verdict for appellant. In view of

the entire record, scrutinizing it in detail and as a completed whole, we find nothing substantial upon which a reversal could be based.

*Affirmed.*